## BARNES *versus* BALL & AL., Administrators.

Endorser not a competent witness to prove the hand-writing of the promissor, unless he has a release from the endorsee. That the adverse party has had notice of taking a deposition must appear from the certificate of the magistrate taking it, and cannot be proved by parole evidence.

THIS was an action brought by the plaintiff as endorsee of a promissory note purporting to be made by the defendants' intestate, to which the general issue was pleaded.

The defendants denied the signature of the note by their intestate; and the plaintiff's evidence as to the hand-writing not being perfectly satisfactory, his counsel moved that the endorser might be sworn as a witness to prove that the intestate *actually* executed the note; he having a release from the plaintiff, which was produced.

[ * 74 ] *The counsel for the defendants did not deny the execution of the release, which was made some months since, but objected to the introduction of the endorser as a witness, on the ground that the release was given merely for the purpose of making him a witness, and that the endorser is the *real* plaintiff, and the action brought to recover the money for his use; and they offered to prove the declarations of *Barnes* since executing the release, to show that such was the intention of making it.

The counsel for the plaintiff insisted that parole evidence was inadmissible to control the operation of the release, and, therefore, that the endorser had no interest in this suit, and ought to be admitted; but, suspecting (as is believed) that the Court were inclined to go into the inquiry, the plaintiff executed a new release in Court, which they said put an end to all questions as to any equitable claim which the endorsee might otherwise have had against the endorser.

But STRONG, J., supposed that still he might not be admissible. He said that the circumstance of now executing a new release in Court was pretty strong presumptive evidence that the statement

BARNES *vs.* BALL & AL., Administrators.

made by the counsel for the defendants was true; and although the endorser has *now* no immediate apparent legal interest in the event of the suit, yet that he might, under the peculiar circumstances of this case, feel such an interest in the question that the Court ought not to admit him to testify as a witness. (*a*)

THACHER, J., said that the release now executed must operate as a complete legal discharge, and both in principle and practice made him a *competent* witness; his *credibility* is entirely with the jury.

SEDGWICK, J., said that as to the first release, and the offer to show that it was intended to impose on the Court an appearance of disinterestedness, when * in fact it was a [ * 75 ] mere pretence, he considered the law to be settled, that the Court could not go into the investigation requested by the counsel for the defendant, and that it was now too late to inquire into the reasons on which the law as to that point had been settled. To obviate any objections which might arise to the credibility of the witness, had he been admitted under the first release, a new release is made *here*; this discharges all *legal* interest, and also all *equitable* claims which the endorsee might have had on the ground of any former understanding of the parties on the subject, and places the endorsee in the same situation as in the common cases of making a release in Court. He said that he should not himself give more credit to his testimony than he should have done had no release been made; but the jury are the judges of his credibility. The witness was admitted.

In this case, the counsel for the defendants offered in evidence a deposition, which had been taken under an order of this Court made at last term, by a justice appointed by the Court, who was to notify the adverse party. The plaintiff's counsel objected to its being read, because it did not appear, *by the certificate of the justice,* that the adverse party or his attorney was notified or present. (1) The other side offered to prove by *testimony* that the adverse party had had notice, and had consented to the caption of the deposition *ex parte,* if he should not attend at the time and place of caption.

STRONG, J., seemed to think that the notice might be proved by *testimony;* but *Sedgwick* and *Thacher,* justices, were clear that it could not, and therefore the deposition was excluded.

*T. Bigelow* and *F. Blake* for the plaintiff.
*Hastings* and *J. Upham* for the defendants.

(*a*) [If he was not legally interested, the objection only touched his credibility, not his competency.—ED.]
(1) See *stat.* 1797, *c.* 35.